

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JJD
F. #2020R00632

*610 Federal Plaza*
*Central Islip, New York 11722*

August 30, 2023

By Federal Express

Don duBoulay, Esq.
Law Office
305 Broadway, Suite 602
New York 10007

Glenn A. Obedin, Esq.
Obedin & Weissman, LLP
Courthouse Corporate Center, Suite 4200
320 Carleton Avenue, Central Islip, NY 11722

Steve Zissou, Esq.
42-40 Bell Boulevard, Suite 302
Bayside, NY 11361

> Re:   United States v. Arevalo-Chavez, et al.
>       Criminal Docket No.: 22-429 (JMA)

Dear Counsel:

Pursuant to the government's on-going obligations under Rule 16 of the Federal Rules of Criminal Procedure, please find enclosed here with the following items. The government also requests reciprocal discovery from the defendants.

I.      The Government's Discovery

    A.      Statements of the Defendants

Materials relating to the defendants' arrests and any post-arrest statements previously were provided to the respective defendants. Due to the sensitive nature of some of these materials, they are not being provided to the co-defendants in this matter at this time.

    B.      The Defendants' Criminal Histories

Copies of the defendants' criminal history reports will be provided to the respective defendants under separate cover.

C.      Documents and Tangible Objects

Please find enclosed herewith a hard drive that contains the following documents and recordings, which are sensitive discovery materials being provided pursuant to the Stipulation and Order signed by the Honorable Joan M. Azrack on August 17, 2023:[1]

1.  Copies of 21 boxes of judicial and prosecution documents, including legal applications, affidavits, orders and evidentiary documents, connected to Government of El Salvador ("GOES") investigations entitled "Caso Jaque" and "Caso Cuscultan," which were provided to the United States Department of Justice ("USDOJ") by the El Salvador Attorney General's Office ("ESAGO"), pursuant to a Mutual Legal Assistance Treaty ("MLAT"), which have been Bates-numbered 000001 – 081643.

2.  Copies of audio recordings connected to GOES investigations entitled "Caso Jaque" and "Caso Cuscultan, which were provided to the USDOJ by the ESAGO, pursuant to an MLAT, which have been Bates-numbered 081644 (2,801 Files, 11 GB);

3.  Copies of reports prepared by the Department of Homeland Security, Homeland Security Investigations summarizing intercepted communications between May-July 2016, which have been Bates-numbered 081645 - 081739;

4.  Copies of written materials, including legal applications, affidavits, orders, and evidentiary documents, as well as related audio recordings, from a GOES investigation of MS-13 leaders with connections to the United States in approximately 2015-2016, which were obtained pursuant to an MLAT, and which have been Bates numbered 081740 (59.3 GB), 081741 - 087674; and

5.  Spanish and draft English copies of the February 6, 2020 Final Judgment of the Specialized Sentencing Court of El Salvador, which have been Bates-numbered 087675 – 089891.

D.      Reports of Examinations and Tests

The government will provide you with copies of any reports of examinations or tests in this case as they become available.

---

[1]     Included in the production are copies of draft transcriptions and translations. These translations, and where applicable transcriptions, are in draft form, and have neither been finalized nor verified for accuracy by the government. The drafts are being provided as a courtesy to assist defense counsel with review of the materials. By accepting these drafts, counsel stipulates and agrees that they will not use these materials at trial, any other hearing or written submission in the case, including for use in cross-examination of any witnesses.

E.     Expert Witnesses

The government will comply with Fed. R. Crim. P. 16(a)(1)(G) and Fed. R. Evid. 702, 703 and 705 and notify you in a timely fashion of any experts that the government intends to call at trial and provide you with a summary of the experts' opinions.

At present, the government anticipates calling experts at trial to testify regarding the organization, structure and operations of MS-13; ballistics, firearms and explosives identification and examination; autopsies and causes of death; cell site location information; and forensic examinations of cellular telephones, tablets and/or computers.

The identity, qualifications, and bases for the conclusions of each expert will be provided to you when they become available.

F.     Brady Material

The government is assessing whether there is any exculpatory material regarding the defendants.  The government understands and will comply with its continuing obligation to produce exculpatory material as defined by Brady v. Maryland, 373 U.S. 83 (1963), and its progeny.

Before trial, the government will furnish materials discoverable pursuant to Title 18, United States Code, Section 3500, as well as impeachment materials.  See Giglio v. United States, 405 U.S. 150 (1972).

G.     Other Crimes, Wrongs or Acts

The government will provide the defendants with reasonable notice in advance of trial if it intends to offer any material under Fed. R. Evid. 404(b).

II.     The Defendants' Required Disclosures

The government hereby requests reciprocal discovery under Rule 16(b) of the Federal Rules of Criminal Procedure.  The government requests that each defendant allow inspection and copying of: (1) any books, papers, documents, data, photographs, tapes, tangible objects, or copies or portions thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely on at trial, and (2) any results or reports of physical or mental examinations and of scientific tests or experiments made in connection with this case, or copies thereof, that are in the defendant's possession, custody or control, and that the defendant intends to introduce as evidence or otherwise rely upon at trial, or that were prepared by a witness whom the defendant intends to call at trial.

The government also requests that each defendant disclose prior statements of witnesses who will be called by the defendant to testify.  See Fed. R. Crim. P. 26.2.  In order to avoid unnecessary delays, the government requests that the defendants have copies of those statements available for production to the government no later than the commencement of trial.

3

The government also requests that each defendant disclose a written summary of testimony that the defendant intends to use as evidence at trial under Rules 702, 703, and 705 of the Federal Rules of Evidence. The summary should describe the opinions of the witnesses, the bases and reasons for the opinions, and the qualification of the witnesses.

Pursuant to Fed. R. Crim. P. 12.3, the government hereby demands written notice of each defendant's intention, if any, to claim a defense of actual or believed exercise of public authority, and also demands the names and addresses of the witnesses upon whom the defendant intends to rely in establishing the defense identified in any such notice.

III.      Emails Sent and Received by Defendants Incarcerated at a Bureau of Prisons Facility

The government may request that the Bureau of Prisons ("BOP") produce to the government emails sent and received by the defendants during the period of incarceration at a BOP facility (collectively, "BOP email communications"). Although it is the government's position that BOP email communications, including those between each defendant and his attorneys and other legal assistants and paralegals on their staff, are not privileged communications, in most instances, the government will request that the BOP exclude from any production communications between the defendant and his or her attorneys and other legal assistants and paralegals on their staff, if you provide the full email addresses for such attorneys, legal assistants and paralegals by August 11, 2023. To enable this process, the government requests that you send an email to the undersigned Assistant U.S. Attorneys with the list of email addresses in the body of the email. If you subsequently wish to provide an email address for an additional attorney, legal assistant or paralegal or change any of the previously-provided email addresses, you should send an email with the complete list of email addresses, including email addresses that remain unchanged, in the body of the email.

IV.      Future Discussions

If you have any questions or requests regarding further discovery or a disposition of this matter, please do not hesitate to contact me.

Please be advised that, pursuant to the policy of the Office concerning plea offers and negotiations, no plea offer is effective unless and until made in writing and signed by authorized representatives of the Office. In particular, any discussion regarding the pretrial disposition of a matter that is not reduced to writing and signed by authorized representatives of

4

the Office cannot and does not constitute a "formal offer" or a "plea offer," as those terms are used in <u>Lafler v. Cooper</u>, 132 S. Ct. 1376 (2012), and <u>Missouri v. Frye</u>, 132 S. Ct. 1399 (2012).

Very truly yours,

BREON PEACE
United States Attorney


By:        /S/                                      
John J. Durham
Justina L. Geraci
Megan E. Farrell
Paul G. Scotti
James Donnelly
Matthew W. Shepherd
Assistant U.S. Attorneys
(631) 715-7851

Enclosures

cc:    Clerk of the Court (JMA) (by ECF) (without enclosures)
       Sabrina P. Shroff, Esq.