

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD:JLG
F. #2020R00632

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 15, 2025

**REQUEST TO BE FILED UNDER SEAL**

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Vladimir Antonio Arevalo-Chavez
               Criminal Docket No. 22-429 (JMA)

Dear Judge Azrack:

      The government respectfully submits this letter in response to the April 14, 2025 order to show cause, concerning the sealed court filings related to the government's pending motion to dismiss the above-captioned Indictment against the defendant, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure. As set forth herein, because this motion is rooted in geopolitical and national security concerns of the United States, and the sovereign authority of the Executive Branch in international affairs, and because the premature disclosure of these filings potentially could have a dangerous and disruptive effect on operational security, the government respectfully submits that this motion should continue to be litigated under seal.

      As a threshold matter, the Court must consider the impetus of this motion. Although, as the Court is aware, the evidence in this case is strong, and the defendant was investigated, charged and has been prosecuted consistent with the appropriate principles of federal prosecution, due to significant geopolitical and national security concerns of the United States, and the sovereign authority of the Executive Branch in international affairs, the United States has sought dismissal of the indictment against the defendant, without prejudice, so that the government of El Salvador can proceed first with its own criminal charges against the defendant under Salvadoran law.

      As such, this case differs materially from others in which the United States has *publicly* sought the pretrial dismissal of charges. See, e.g., United States v. Adams, No. 24-CR-556 (DEH), ECF Dkt. No. 122, ¶ 6 (S.D.N.Y., Feb. 14, 2025) (dismissal of indictment justified because, *inter alia*, "continuing these proceedings would interfere with" the Mayor's ability to govern, thereby threatening "federal immigration initiatives and policies."); United States v.

Henrry Josue Villatoro Santos, No. 25-MJ-204, ECF Dkt. No. 14, p. 1 n.1 (E.D.V.A.) (dismissal of charges because "the government no longer wishes to pursue the instant prosecution at this time."). The instant matter is fundamentally different, implicating the government's relationship with a foreign ally and the continued viability of that country's own parallel prosecution against the defendant.

Furthermore, significant operational concerns, including the safety of the officers transferring the defendant, also justify continued sealing. Dismissals of charges by the United States have recently generated national press, particularly where, as here, the removal of the defendant from the United States to El Salvador would follow therefrom. To ensure the safety of the law enforcement officers, prison officials, and others who will be responsible for the defendant's custodial transfer, the government respectfully submits that this motion must continue to be litigated under seal, at least until the operation has been completed. Finally, as previously noted, public disclosure of this motion before the operation is complete could cause harm to the government's relationship with a foreign ally. See United States v. Trabelsi, No. 06-CR-89 (RWR), 2015 WL 5175882, at *8 (D.D.C. Sept. 3, 2015) (granting request to seal documents produced to defendant in part due to "the government's representations regarding the potential harm to the relationship between the United States and its foreign allies"); United States v. Amodeo, 71 F.3d 1044, 1050 (2d Cir. 1995) (sealing appropriate to protect law enforcement interests). Because the government is seeking the continued sealing only until the operation is complete, at which point all filed materials will be made public, this request is narrowly tailored and appropriately balances the government's compelling interests with the public's qualified right to access these documents. See United States v. Doe, 63 F.3d 121, 128 (2d Cir. 1995); United States v. Haller, 837 F.2d 84, 87 (2d Cir. 1988).

In light of the foregoing, and noting the defendant's consent as to this issue, the government respectfully submits that the instant motion to dismiss, and all related filings from the parties and the Court, should remain under seal at this time, and that any Court proceedings addressing this motion should similarly be sealed.

Respectfully submitted,

By: /s/ John Durham
John J. Durham
United States Attorney
Eastern District of New York

cc: Louis M. Freeman, Esq. (by email)