

U.S. Department of Justice

*United States Attorney*
*Eastern District of New York*

JJD:JLG
F. #2020R00632

*271 Cadman Plaza East*
*Brooklyn, New York 11201*

April 30, 2025

**REQUEST TO BE FILED UNDER SEAL**

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Vladimir Antonio Arevalo-Chavez
                 Criminal Docket No. 22-429 (JMA)

Dear Judge Azrack:

      The government respectfully submits this letter in opposition to the defendant's April 23, 2025 motion for a hearing related to the government's pending motion to dismiss the indictment in the above-captioned matter without prejudice, pursuant to Rule 48(a) of the Federal Rules of Criminal Procedure, or in the alternative, for a delay in the entry of a dismissal order. As set forth below, because the defendant's motion is riddled with factual inaccuracies and finds no support in the law, the instant motion should be denied in its entirety and without a hearing. Moreover, because the defendant has now made clear that he does not oppose the government's motion to dismiss—but simply seeks dismissal of the indictment with prejudice, rather than without—this Court should grant the government's motion forthwith.

      I.    <u>The Government Has Set Forth a Bona Fide Basis for Its Motion to Dismiss Without Prejudice</u>

      In his motion, the defendant asserts that that government "has failed to comply with its obligation [under Rule 48(a)] to disclose the reason(s) for its Motion to Dismiss." Def. Mot. 6. That is patently false.

      In its April 1, 2025 letter-motion to dismiss the indictment, the government made clear that its motion was rooted in significant geopolitical and national security concerns of the United States, and the sovereign authority of the Executive Branch in international affairs, to which the current criminal case must yield. More specifically, the government explained that, in order to permit the government of El Salvador to proceed first with its own criminal charges against the

defendant under Salvadoran law, the United States was seeking dismissal of the indictment against the defendant without prejudice.

Defense counsel now claims that they had "inquired of the Government whether there are charges actually pending against [the defendant] in El Salvador, what they are, and in what court they are pending, without receiving an answer." Def. Mot. at 9. Not so. On April 23, 2025 – a staggering 22 days after the government filed its motion to dismiss, and on the adjourned date by which the defendant's response was due to the Court – counsel for the defendant sent the government an email requesting information about the charges against the defendant in El Salvador, specifically requesting "the immediate production of the following information: 1. Does Vladimir Arevalo-Chavez have criminal charges pending against him in El Salvador? 2. What are those charges? 3. Forward a copy of those charges." Later that same day, nearly four hours *before* the defendant's filing, the government responded and advised counsel that the defendant was charged in El Salvador as follows: (1) the charge of Terrorist Organizations and Aggravated Homicide (Organizaciones Terroristas y Homicidio Agravado), letter 5497G, Specialized Investigative Court B of San Salvador (Juzgado Especializado de Instrucción B de San Salvador), dated July 26, 2017; (2) the charge of Terrorist Organizations (Organizaciones Terroristas), letter 4941 A1, Specialized Investigative Court B of San Salvador (Juzgado Especializado de Instrucción B de San Salvador), dated November 21, 2019;[1] and (3) the charge of Illicit Associations (Agrupaciones Ilícitas), letter No. 231 B, Specialized Investigative Court C, San Salvador (Juzgado Especializado de Instrucción C de San Salvador), dated February 1, 2023.[2] The government also provided counsel with a copy of the publicly-available INTERPOL Red Notice for the defendant, which had been issued for his arrest in connection with certain of these charges.

Counsel for the defendant was in possession of this information hours before the instant motion was filed. Yet counsel chose not to address the fact of the Salvadoran charges for the defendant on their merits, and instead to allege that the government was likely acting in bad faith.

The government respectfully submits that the Court can, and should, readily dismiss this argument, based on the current record and without resorting to a hearing. The government's motion is grounded in the fact that a foreign government—which brought substantial criminal charges against this defendant *years before the United States did*—seeks to proceed first with its prosecution against the defendant, a Salvadoran citizen, under Salvadoran law, and the United States government has determined that this request should be granted. The country of El Salvador is a constitutional multiparty republic with a democratically elected government. It has an independent judiciary and Supreme Court, as well as an appellate process. Counsel for the defendant has not articulated any legitimate reason to believe that his client will not receive fair treatment under the law on his preexisting charges in El Salvador.

---

[1] The indictment in the instant matter was returned by a grand jury sitting in this district on September 22, 2022. ECF Dkt. No. 18. It was unsealed and filed publicly on February 23, 2023. Therefore, these charges predate the instant indictment.

[2] The government has requested copies of the Salvadoran charging instruments and arrest warrants, and will provide these to counsel and the court once received.

Because "the court must presume good faith on the part of the prosecutor," United States v. Adams, No. 24-CR-556 (DEH), -- F.Supp.3d --, 2025 WL 978572, *16 (S.D.N.Y. Apr. 2, 2025), where, as here, the government has proffered legitimate, non-conclusory and specific reasons supporting the dismissal, the government respectfully submits that this Court should summarily deny the defendant's motion, without a hearing, and grant the government's motion to dismiss.

II.  The Defendant's Motion for Dismissal With Prejudice Should be Denied

Notably, the defendant has now made clear that he does not oppose dismissal of the indictment. Def. Mot. 5. Rather, the defendant seeks dismissal of the indictment *with* prejudice, rather than *without* prejudice as the government has requested. Because he has failed to state any basis in law or fact warranting this relief, his motion should be denied.

The reasons that the government seeks to dismiss the indictment without prejudice are readily apparent: although the criminal case against the defendant in the United States is strong and appropriately charged, the criminal charges against him in El Salvador came first, and, at the request of a foreign ally, are set to proceed first. Should the resolution of those criminal matters in El Salvador result in the defendant's acquittal and/or release from custody, or should the defendant be granted immigration relief and/or release from custody in the United States, the government is prepared to reinstate the charges and proceed with its prosecution expeditiously.[3]

The defendant's reliance on the Adams case in support of his motion is entirely misplaced. There, the court dismissed with prejudice the pending indictment against the Mayor of New York City, despite the Justice Department's request for a dismissal without prejudice, because the Court expressed concern that, *inter alia*, the Justice Department's immigration enforcement rationale might amount to an alleged *quid pro quo* to extract policy concessions from the Mayor. See Adams, 2025 WL 978572, at *39. Here, by contrast, the United States government has no dealings or arrangements with the defendant, and is not requesting anything from the defendant—i.e., there is no specter of any *quid pro quo* arrangement with the defendant which might appropriately lend itself to dismissal with prejudice. Moreover, numerous other factors distinguish this case from Adams and further warrant dismissal without prejudice, including the fact that the defendant is a high-ranking MS-13 leader, is not a United States citizen, is charged with extremely

---

[3]  Courts default to granting the government's dismissal motions under Rule 48(a) without prejudice, even absent a specific justification or rationale for the dismissal being without prejudice. See United States v. Chase, 372 F.2d 453, 463 (4th Cir. 1967) (stating that a Rule 48(a) "dismissal is without prejudice"); 3B Peter J. Henning, *Federal Practice & Procedure Crim.* § 801 (4th ed. 2024) ("A dismissal properly taken under Rule 48(a) is without prejudice[.]"). See also United States v. Goodson, 204 F.3d 508, 514 (4th Cir. 2000) (cautioning that "in dismissing an indictment with prejudice, the court allows its interest in the orderly administration of justice to override the interests of victims and the public interest in the enforcement of the criminal law."); United States v. Henrry Josue Villatoro Santos, No. 25-MJ-204, ECF Dkt. Nos. 14, p. 1 n.1, and 20 (E.D.V.A. Apr. 15, 2025) (granting dismissal of charges without prejudice simply because "the government no longer wishes to pursue the instant prosecution at this time.").

serious terrorism and racketeering offenses, is facing life in prison, and presents a significant risk of danger to society.

Therefore, the government respectfully submits that the Court should grant the government's unopposed motion to dismiss the Indictment, and do so without prejudice.

III. The Defendant's Motion to Delay Entry of a Dismissal Order Should be Denied

In the alternative, the defendant seeks to delay the entry of a final order of dismissal in this case for a period of seven days, in order to forestall being taken into immigration custody, and to permit counsel to file a writ of habeas corpus and seek other relief. The defendant marshals no meaningful authority in support of his request. Accordingly, the Court should deny the defendant's motion and dismiss the indictment, without prejudice and without further delay.

The government's motion to dismiss—which has been pending for nearly a month now, and which is unopposed—should be granted promptly, and the defendant has provided no authority to the contrary. Indeed, it is well within the prerogative of the United States to seek the removal of aliens who are illegally or unlawfully in this country in lieu of prosecuting them, regardless of whether charges have been filed. Cf. United States v. Trujillo-Alvarez, 900 F. Supp. 2d 1167, 1170 (D. Or. 2012) ("If the Executive Branch . . . decides to abandon criminal prosecution of the pending charge and proceed directly with Defendant's removal and deportation, the law allows the Executive Branch to do that."). At no point has the Second Circuit held that judges may put off ruling on routine, unopposed motions so that criminal defendants can pursue administrative or civil remedies.[4] While the defendant points to the Villatoro Santos case in the Eastern District of Virginia, that court, faced with a nearly identical motion, held similarly and "**ORDERED** that the Defendant's Motion to Delay Entry of Dismissal Order [] is **DENIED**." See Def. Mot. Ex. A (emphasis in original).

\* \* \* \* \*

For the reasons set forth above, the government respectfully submits that the defendant's motion should be denied in its entirety and without a hearing, and that the Court should grant the government's motion to dismiss the indictment without prejudice forthwith.

Finally, the government respectfully requests the continued sealing of all filings related to the motion to dismiss, including this letter. These filings discuss the details of charges pending against the defendant in a foreign country, which may not have been made public there. Therefore, in an abundance of caution, to protect the integrity of the foreign prosecutions, and for

---

[4] While defendants are not entitled to tread water on the criminal docket while they explore potential avenues to thwart removal proceedings in immigration court, it is worth noting that the defendant has already obtained the seven-day pause he seeks, and then some, insofar as the motion to dismiss has remained unresolved now for 29 days.

4

the reasons set forth in the government's previous filings regarding operational security, the government respectfully requests that this letter be filed and maintained under seal.

                                                      Respectfully submitted,

                                        By:   /s/ John Durham
                                                 John J. Durham
                                                 United States Attorney
                                                 Eastern District of New York

cc:      Louis M. Freeman, Esq. (by email)
          Thomas H. Nooter, Esq. (by email)