FILED
CLERK

5/22/2025 12:12 pm

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
UNITED STATES OF AMERICA,

    - against -

VLADIMIR ANTONIO AREVALO-CHAVEZ
    also known as "Vampiro de Monserrat
    Criminales,"
JOSE WILFREDO AYALA-ALCANTARA
    also known as "Indio de Hollywood,"
EDWIN ERNESTO CEDILLOS-RODRIGUEZ
    also known as "Renuente de Abriles
    Dangers,"
JORGE ALEXANDER DE LA CRUZ
    also known as "Cruger de Peatonales,"
WALTER YOVANI HERNANDEZ-RIVERA
    also known as "Baxter de Park View,"
    and "Bastard de Park View,"
JUAN ANTONIO MARTINEZ-ABREGO
    also known as "Mary Jane de Hollywood,"
MARLON ANTONIO MENJIVAR-PORTILLO
    also known as "Rojo de Park View,"
CARLOS TIBERIO RAMIREZ-VALLADARES
    also known as "Snayder de Pasadena,"
DANY FREDY RAMOS-MEJIA
    also known as "Cisco de Teclas,"
FRANCISCO JAVIER ROMAN-BARDALES
    also known as "Veterano de Tribus,"
DANY BALMORE ROMERO-GARCIA
    also known as "Big Boy de Normandies,"
    "Dig Boy de Normandies," and
    "D Boy de Normandies,
RUBEN ANTONIO ROSA-LOVO
    also known as "Chivo de Centrales," and
MIGUEL ANGEL SERRANO-MEDINA
    also known as "Cabro de Park View,"

    Defendants.
-----------------------------------------------------------------X

<u>**ORDER TO
SHOW CAUSE**</u>
22-CR-429 (JMA)(AYS)

**AZRACK, United States District Judge:**

    The Government's April 30, 2025 letter discussed, for the first time, specific charges that have been brought against Defendant Vladimir Antonio Arevalo-Chavez ("Defendant") in El

1

Salvador. (ECF No. 170). The Government's April 30, 2025 letter also asserted that sealing was warranted because—in addition to the bases for sealing previously asserted by the Government—the Government's April 30, 2025 letter discusses "the details of charges pending against the defendant in a foreign country, which <u>may</u> not have been made public there." (ECF No. 170 at 4 (emphasis added).) The Government also asserted that, "in an abundance of caution," sealing was warranted "to protect the integrity of the foreign prosecutions." (<u>Id.</u>) The Government subsequently provided certain documents to the Court and, in those filings, reasserted the above grounds for sealing. (<u>See</u> ECF Nos. 173, 175.)

Because the Government's April 30, 2025 letter discussed the details of specific charges for the first time (and was filed after the Court's April 14, 2025 Order to Show Cause), the Court grants the Government an additional opportunity to explain why ECF Nos. 170, 173, 174, and 175 should not be unsealed.

The Government's argument that the "details" about these charges in its recent filings warrant sealing raises certain questions. The Court directs the Government to address the issues set out below.

First, the Government's letters are vague as to whether or not the details of the charges and the related documents provided as exhibits are publicly available in El Salvador or elsewhere. It is difficult to see how the details of these charges could possibly warrant continued sealing when the Government does not even know if the charges and documents at issue "have been made public" in El Salvador.

Second, the Government's April 30 letter states that "the INTERPOL RED Notice for the defendant" is publicly available. (ECF No. 170 at 2.) As such, there appears to be no reason to seal the INTERPOL Red Notice (or any references to the notice in the Government's filings). The

2

public availability of the INTERPOL Red Notice would also appear to weigh against sealing documents or information concerning the underlying charge referenced in the INTERPOL Red Notice.

Third, it is difficult to see how public disclosure of the details of the charges contained in the Government's filings (or the documents provided as exhibits) would impair the "integrity of the foreign prosecutions" when Defendant himself has already been provided with this information and these documents through the instant proceeding.  If the charges against other defendants named in the exhibits are not public, the Government can request that the exhibits be redacted.

**SO ORDERED.**

Dated: May 22, 2025
Central Islip, New York

                    /s/ (JMA)
                 JOAN M. AZRACK
                 UNITED STATES DISTRICT JUDGE