

U.S. Department of Justice

United States Attorney
Eastern District of New York

271 Cadman Plaza East
Brooklyn, New York 11201

JJD:JLG
F. #2020R00632

May 29, 2025

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:   United States v. Vladimir Antonio Arevalo-Chavez
              Criminal Docket No. 22-429 (JMA)

Dear Judge Azrack:

      The government respectfully submits this letter in response to the Court's May 22, 2025 order to show cause.

      As the Court and counsel are aware, the government had sought the sealing of certain filings made in connection with its motion to dismiss, in an abundance of caution, in order to protect the integrity of the foreign prosecutions against this defendant, which are pending in El Salvador.[1] The government has since conferred with the Department of Justice's Office of International Affairs ("OIA"), which, in turn, sought guidance from La Fiscalía General de La República de El Salvador (the El Salvador Attorney General's Office) ("FGR"), and informed the government of the following:

      *Regarding ECF Dkt. No. 170*. The Salvadoran arrest warrants and charges listed in the government's April 30, 2025 letter (ECF Dkt. No. 170) are, in fact, *not* under seal in El Salvador. Further, the fact that an INTERPOL Red Notice was issued, and remains active, for the

---

[1] The government had, during and around the time of these filings, sought clarity from, *inter alia*, the U.S. Embassy in San Salvador and the Federal Bureau of Investigation's Legal Attaché and Transnational Anti-Gang Task Force, as to whether the Salvadoran arrest warrants and charges had been filed under seal, but had not received a definitive answer until earlier today, which is detailed below.

defendant's arrest, as noted in the letter, is public.[2] Therefore, the government has no objection at this time to the unsealing of its letter filed as docket number 170.

   *Regarding ECF Dkt. No. 173*.  The Salvadoran arrest warrants and charges listed in the government's May 14, 2025 letter (ECF Dkt. No. 173), and which were attached thereto as Exhibits B and C, are also *not* under seal in El Salvador. Therefore, the government has no objection at this time to the unsealing of its letter filed as docket number 173. However, based on the standard practice in this district, because Exhibits B and C contain personally identifiable information ("PII") – including dates of birth, Salvadoran national identity card numbers,[3] and full names of parents and significant others – for not only the defendant but also for a number of other individuals, the government respectfully requests that the Court maintain those two exhibits under seal. Attached hereto as Exhibits 2 and 3 are the government's proposed redactions to Exhibits B and C, respectively, which remove the PII and which may appropriately be filed publicly. Finally, docket number 173 also attached as Exhibit A the INTERPOL Red Notice for the defendant. According to the United States National Central Bureau ("USNCB"), the American branch of INTERPOL, this document is law enforcement sensitive, and only the extract found on the INTERPOL website is public (as noted above). Therefore, the government respectfully requests that Exhibit A be maintained under seal.

   *Regarding ECF Dkt. No. 174*.  The government has no objection at this time to the unsealing of the May 14, 2025 letter from defense counsel, which describes Exhibits B and C (discussed above).[4]

   *Regarding ECF Dkt. No. 175*.  The government's May 20, 2025 letter (ECF Dkt. No. 175) provided certified English-language translations of Exhibits A, B and C, described above. For the reasons set forth above, the government has no objection at this time to the unsealing of its letter filed as docket number 175. However, the government respectfully requests the continued sealing of the English-language translation of the Red Notice (Exhibit A), and of Exhibits B and C, which contain PII for the defendant and others. Attached hereto as Exhibits 4 and 5 are the government's proposed redactions to Exhibits B and C, respectively, which remove the PII and which may appropriately be filed publicly.

---

  [2]  The publicly-available extract of the INTERPOL Red Notice is attached hereto as Exhibit 1. This bare-bones document differs substantially from the actual Red Notice itself, which is discussed further herein. The government has no objection to the public filing of this extract.

  [3]  Documento Único de Identidad ("DUI").

  [4]  In this letter, however, counsel for the defendant requests that the Court not file Spanish-language documents, which, of course, Exhibits B and C are.

2

Finally, the government respectfully reiterates its request for the Court to dismiss the indictment against the defendant without prejudice forthwith.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

By: _____/s/_____
John J. Durham
Assistant United States Attorney
(631) 715-7900

Enclosures

cc: Louis M. Freeman, Esq. (by email)
    Thomas H. Nooter, Esq. (by email)