

U.S. Department of Justice

United States Attorney
Eastern District of New York

JJD/AS:JLG
F. #2020R00632

*610 Federal Plaza*
*Central Islip, New York 11722*

August 8, 2025

**By ECF and Email**

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Vladimir Antonio Arevalo-Chavez
              Criminal Docket No. 22-429 (JMA)

Dear Judge Azrack:

      The government respectfully submits this letter in the above captioned matter, to address the inquires raised by the Court at the July 24, 2025 status conference (ECF Dkt. No. 187).

      *First*, the Court queried: "Why doesn't the government address the defendant's immigration claims first, put the defendant through whatever immigration proceedings the law requires," to assure the Court that he will in fact be removable to El Salvador, in advance of the Court's decision on the pending motion to dismiss. See Tr. pp. 3-5. The government has conferred with the Office of the Principal Legal Advisor ("OPLA"), U.S. Immigration and Customs Enforcement ("ICE"), and has learned that no program exists to effectuate such a process. Attached hereto as Exhibit A is the Declaration of Nenad Vuckovic, Assistant Field Office Director, U.S. Immigration and Customs Enforcement ("ICE"), which asserts that for "an alien in federal pre-trial detention in the custody of the U.S. Marshals Service," as the defendant is, "there is no program by which administrative immigration proceedings can take place prior to the resolution of a defendant's criminal case." Ex. A, ¶ 4.

      *Second*, Your Honor requested the filings in the matter Henry Josue Villatoro Santos v. Russell Hott, et al., 25-CV-0735 (CMH/IDD) (E.D.V.A.). See Tr. pp. 7-8. The government respectfully submits these nine filings as Exhibits B through J. Because of the prohibition against remote access of dockets involving immigration benefits, see Federal Rule of Civil Procedure 5.2(c), the government respectfully requests that they be filed and maintained under seal.

*Third*, the Court inquired about the status of the immigration proceedings against Villatoro Santos. See Tr. p. 7. According to OPLA, Villatoro Santos was served with a Notice to Appear, charging him as removable from the United States, on April 30, 2025. The evidentiary portion of his removal proceedings was completed on July 21, 2025, and written closings from the parties are due by August 18, 2025. Villatoro Santos remains in ICE detention.

*Finally*, the Court queried whether, in light of "recent developments in related matters," Tr. p. 9, the government was still seeking dismissal of the indictment against this defendant. The government has confirmed that, notwithstanding the recent developments referenced in the Court's July 16, 2025 order and during the last status conference, the Department of Justice's directive that the indictment against Arevalo-Chavez be dismissed remains unchanged. With respect to the Department's rationale for that decision, it is rooted in The Justice Manual § 9-2.159, which provides that "[s]ituations may arise where substantial reasons of national security, foreign policy or the like may require the Department to abandon an investigation, forego litigation, or seek dismissal of a case." Thus, the Government seeks dismissal without prejudice due to foreign policy considerations, which are within the sovereign authority of the Executive Branch in international affairs.

Therefore, for the reasons set forth above, and in the government's previous letters to the Court, the government respectfully submits that the Court should grant the government's motion to dismiss the indictment without prejudice forthwith.

Respectfully submitted,

JOSEPH NOCELLA, JR.
United States Attorney

/s/
John J. Durham
Justina L. Geraci
Paul G. Scotti
Assistant United States Attorneys
(631) 715-7900

cc: Louis M. Freeman, Esq. (by ECF and email)
Thomas H. Nooter, Esq. (by ECF and email)