

**U.S. Department of Justice**

*United States Attorney*
*Eastern District of New York*

JJD:JLG
F. #2020R00632

*610 Federal Plaza*
*Central Islip, New York 11722*

August 15, 2025

**By ECF and Email**

The Honorable Joan M. Azrack
United States District Judge
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    United States v. Vladimir Antonio Arevalo-Chavez
                Criminal Docket No. 22-429 (JMA)

Dear Judge Azrack:

      The government respectfully submits this letter in the above-captioned matter, in response to the defendant's August 8, 2025 letter wherein he requested "discovery" in the form of thirteen "proposed interrogatories" (the "Interrogatories") pertaining to the government's pending motion to dismiss the indictment (ECF Dkt. Nos. 190 and 190-1).  As set forth herein, because the defendant's Interrogatories are legally unsound – both substantively and procedurally – the government respectfully submits that this Court should deny the defendant's request for the government to answer the Interrogatories, and grant the government's motion to dismiss without prejudice.

      During the July 24, 2025 status conference, this Court noted a vague reference in the defendant's April 23, 2025 letter that he was seeking unspecified discovery.  Tr. p. 10; ECF Dkt. No. 167 at p. 12 ("For those reasons we ask that this Court set a schedule for discovery and a hearing, if necessary . . .").  However, over the next three months, the defendant never specified what discovery he was requesting or made any follow up requests to the government.  Thus, at the conference, the Court ordered the defense to "submit a letter identifying the specific discovery that you are seeking … explain[ing] in the letter why you are entitled to that discovery."  Tr. pp. 10-11.  Instead of doing so, the defense submitted the Interrogatories (ECF Dkt. No. 190-1) and failed to state a legal basis for any of the requested information.

      As this Court is well aware, the government's disclosure obligations in criminal cases such as this are governed by Rule 16, Federal Rules of Criminal Procedure; The Jencks Act, Title 18, United States Code, Section 3500; <u>Brady v. Maryland</u>, 373 U.S. 83 (1963), and its

progeny; and Giglio v. United States, 405 U.S. 150 (1972), and its progeny. The information being requested by the defense falls into none of those categories.[1]

Further, the defendant fails to assert any legal basis by which the government is obligated to respond to interrogatories in lieu of Rule 16 discovery demands in a criminal case. Nor could he. While the Federal Rules of Civil Procedure permit the use of interrogatories as a discovery device, the Federal Rules of Criminal Procedure do not. See Fed. R. Civ. P. 33. The defendant makes no effort whatsoever to address this procedural error. Rather, according to the defense, the information is being requested "in order to substantiate and clarify the basis of [the defense] objections to the dismissal of the indictment without prejudice and to support [the defense] request for an opportunity to file a writ of habeas corpus on behalf of the defendant …" ECF Dkt. No. 190-1, p. 1. These sweeping assertions, which fall far short of asserting a legal basis for masquerading civil interrogatories as Rule 16 discovery demands in a pending criminal matter, are yet another transparent dilatory tactic. As the government has repeatedly noted, if the defendant seeks habeas and/or immigration relief, such claims will be litigated in the appropriate forum. However, the defendant is not entitled to delay and exploit his criminal docket in order to explore potential avenues to thwart removal proceedings in immigration court or a civil proceeding. Indeed, despite repeatedly claiming that he intends to file a civil habeas petition and/or seek immigration relief, the defendant has yet to do so. The government will respond appropriately in either forum – but this criminal docket is not that forum and the Interrogatories are not an appropriate vehicle here.[2]

Therefore, for the reasons set forth above, the Court should deny the defendant's request for the government to answer the Interrogatories and, as set forth in the government's

---

[1] Even if it did, however, the vast majority of the defendant's requests appear to call for the production of governmental communications protected by executive privilege, and/or materials and information in the possession of a foreign government.

[2] Moreover, "a habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." Bracy v. Gramley, 520 U.S. 899, 904 (1997).

previous letters to the Court, the government respectfully submits that the Court should grant the government's motion to dismiss the indictment without prejudice forthwith.

                                                           Respectfully submitted,

                                                           JOSEPH NOCELLA, JR.
                                                           United States Attorney

                                                           /s/
                                                          John J. Durham
                                                          Justina L. Geraci
                                                          Paul G. Scotti
                                                          Assistant United States Attorneys
                                                          (631) 715-7900

cc:     Louis M. Freeman, Esq. (by ECF and email)
         Thomas H. Nooter, Esq. (by ECF and email)