JJD:JLG
F. #2020R00632

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

UNITED STATES OF AMERICA

- against -

VLADIMIR ANTONIO AREVALO-CHAVEZ, et al.

                     Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

ATTORNEYS' EYES ONLY
STIPULATION AND ORDER

Cr. No. 22-429 (JMA)

IT IS HEREBY STIPULATED AND AGREED by and between the United States of America, by Joseph Nocella, Jr., United States Attorney for the Eastern District of New York, and John J. Durham and Justina L. Geraci, Assistant United States Attorneys, of counsel; and the defendants VLADIMIR ANTONIO AREVALO-CHAVEZ, by and with the consent of his attorneys, Louis M. Freeman, Esq. and Thomas H. Nooter, Esq.; JOSE WILFREDO AYALA-ALCANTARA, by and with the consent of his attorney, Donald D. DuBoulay, Esq.; and FRANCISCO JAVIER ROMAN-BARDALES, by and with the consent of his attorneys, Murray E. Singer, Esq. and Joshua L. Dratel, Esq., that:

1. **Disclosure Material.** The Government will make disclosure to the defendant of documents and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "disclosure material."

2. **Attorneys' Eyes Only Material.** Certain of the Government's disclosure material, referred to herein as "Attorneys' Eyes Only Material," contains highly confidential and highly sensitive material that affects the privacy, confidentiality, and/or safety interests of individuals or entities, and/or contains sources, methods, identities, identifiers or locations concerning the Government's ongoing investigation, such that its disclosure would cause substantial harm and/or pose safety concerns to individuals or entities, including: materials pertaining to the Government's ongoing investigation into the unlawful activities of the transnational criminal organization La Mara Salvatrucha, or the "MS-13" (including, but not limited to, sources, methods, identities, identifiers, or locations), and materials which reveal or would tend to reveal the personal financial information and/or personally identifiable information of individuals other than the defendant. Any Attorneys' Eyes Only Material produced by the Government in this action shall be Bates-stamped with the designation "Attorneys' Eyes Only" or otherwise identified by the Government to counsel for the defendant as Attorneys' Eyes Only Material. The Government's designation of material as Attorneys' Eyes Only will be controlling absent contrary order of the Court. Defense counsel may petition the Court, under seal, and after conferring with the Government, in order to challenge the Government's designation of any material as Attorneys' Eyes Only Material.

3. **Facilitation of Discovery.** The entry of a protective order in this case will permit the Government to produce expeditiously the disclosure material without further litigation or the need for extensive redaction. It will also afford the defense prompt access to those materials.

4. **Good Cause.** There is good cause for entry of the protective order set forth herein.

5.      **Restrictions on Attorneys' Eyes Only Material.**  Attorneys' Eyes Only Material, including any copies, excerpts, summaries or notes of such material, shall not be disclosed to, or possessed by, the defendant.  Attorneys' Eyes Only Material may be disclosed only to defense counsel who are signatories to this stipulation; or to such other persons as hereafter may be authorized by the Court upon motion by the defendant.  Attorneys' Eyes Only Material disclosed to counsel for the defendant during the course of proceedings in this action: (a) shall be used by counsel only for purposes of the defense of this action; (b) shall not be duplicated by counsel except for purposes of the defense of this action; (c) shall be kept and maintained by counsel in a secure container and location; and (d) shall not be disclosed in any form by counsel, including by posting or uploading to any Internet site or network site (including public generative artificial intelligence tools) to which persons other than the counsel hereto have access, or by disclosing to the media or any third party, except as set forth herein.

6.      **Protection of Attorneys' Eyes Only Material.**  Defense counsel shall use reasonable care to ensure that the Attorneys' Eyes Only Material is not disclosed or disseminated to any third parties in violation of this Order.  In the event of an inadvertent disclosure of Attorneys' Eyes Only Material, the defendant and/or his counsel shall promptly notify the Court and the Government as to the identity of the recipient of the inadvertently produced Attorneys' Eyes Only Material, and shall use reasonable efforts to secure the return and/or destruction of the inadvertently produced Attorneys' Eyes Only Material.

7.      **Use of Attorneys' Eyes Only Material at Public Hearings and Trial.**  The provisions of this Order shall not be construed as preventing the disclosure of any information in any motion, hearing, trial, any appeal therefrom, or sentencing proceeding held in connection with the above-referenced action or to any District Judge or Magistrate Judge of this Court (or

their staff) for purposes of the above-referenced action, provided, however, that Attorneys' Eyes Only Material referenced or included in any written filing should initially be publicly filed in redacted form or wholly under seal, absent consent of the Government or Order of the Court. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1.

8. **Return or Destruction of Attorneys' Eyes Only Material.** Except for Attorneys' Eyes Only Material that has been made part of the record in this case, counsel shall return to the Government or securely destroy or delete all Attorneys' Eyes Only Material within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; or the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later.

9. **Retention of Jurisdiction.** The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated: Central Islip, New York
March 5, 2026

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: _____
John J. Durham
Justina L. Geraci
Assistant U.S. Attorneys

Agreed to by:

__/s/ Louis M. Freeman_____
Louis M. Freeman, Esq.
Thomas H. Nooter, Esq.
Attorneys for defendant
AREVALO-CHAVEZ

/s/ Joshua Dratel
Murray Singer, Esq.
Joshua L. Dratel, Esq.
Attorneys for defendant
ROMAN-BARDALES

_____
Donald D. DuBoulay, Esq.
Attorney for defendant
AYALA-ALCANTARA

SO ORDERED:

_____
THE HONORABLE JOAN M. AZRACK
UNTIED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK

9. **Retention of Jurisdiction.** The provisions of this Order shall not terminate at the conclusion of this criminal prosecution, and the Court will retain jurisdiction to enforce this Order following termination of the case.

Dated: Central Islip, New York
March 5, 2026

JOSEPH NOCELLA, JR.
United States Attorney
Eastern District of New York

By: _____
John J. Durham
Justina L. Geraci
Assistant U.S. Attorneys

Agreed to by:

_____
Louis M. Freeman, Esq.
Thomas H. Nooter, Esq.
Attorneys for defendant
AREVALO-CHAVEZ

_____
Murray Singer, Esq.
Joshua L. Dratel, Esq.
Attorneys for defendant
ROMAN-BARDALES

_____
Donald D. DuBoulay, Esq.
Attorney for defendant
AYALA-ALCANTARA

SO ORDERED:

_____
THE HONORABLE JOAN M. AZRACK
UNTIED STATES DISTRICT JUDGE
EASTERN DISTRICT OF NEW YORK